UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO.: 5:06mc-1-R

IN RE:

LWD, INC.
LWD FIELD SERVICES, INC.
LWD LAND COMPANY, INC.
LWD EQUIPMENT, INC.
LWD TRUCKING, INC.
LWD SANITARY LANDFILL, INC.
GENERAL ENVIRONMENTAL SERVICES, INC.                      DEBTORS

OFFICIAL UNSECURED CREDITOR'S COMMITTEE,                  PLAINTIFF

v.

K&B CAPITAL, LLC,                                          DEFENDANT

## MEMORANDUM OPINION

This matter comes before the Court on Defendant K&B Capital, LLC's ("K&B"): Motion to Withdraw Reference to Bankruptcy Court of Adversary Proceeding; Motion for Entry of an Order of Contempt and All Supplementary Proceedings in Adversary Proceeding No. 04-05042; and all matters involving K&B (Docket #1). The Plaintiff, Official Unsecured Creditor's Committee ("Commitee") has responded (Docket #3), and K&B has replied to that response (Docket #5). This matter is now ripe for adjudication. For the following reasons, the Defendant's motions are **DENIED**.

## RELEVANT FACTS

On June 30, 2003, petitioning creditors filed involuntary petitions for relief under Chapter 7 of Title 11 of the Bankruptcy Code against the debtors in this matter. The cases were later converted to a Chapter 11 matter and consolidated. K&B acquired a secure debt position against the "LWD debtors" as well as a voting proxy for all the LWD entities. During an auction

of assets pursuant to Bankruptcy Code Section 363 on March 9, 2004, the Debtors sold all of their combined assets.  K&B made the highest offer at the auction.  Following the final sale order entered by the Bankruptcy Court in late March 2004, information concerning premiums from an insurance policy, which the Debtors never disclosed, surfaced and was brought to the attention of the Bankruptcy Court.  In response, the Bankruptcy Court entered a Supplemental Order, excluding the Chapter 5 claims of the debtors from the final sale.  After K&B began to receive cash payments from the Debtors, the Bankruptcy Committee assigned to cover the Debtors in bankruptcy filed an Enforcement Motion against the Defendant, which the Bankruptcy Court converted into an adversary proceeding, seeking a return of cash transferred as well as an award of damages against K&B.  The Bankruptcy Court ruled on the matter on February 10, 2005, ordering a return of the assets transferred over by the Debtors to K&B back to the estate, as well as additional funds to cover the insurance policy premiums.  The Court also determined that the Plaintiff (the Committee) could seek an award of attorney fees and costs in bringing the adversary proceeding.

  Following this ruling by the Court, the Defendant made a motion for a new trial, which the Court denied.  In January 2006, the Committee filed a contempt motion against K&B, asserting that K&B had failed to turnover assets that the Bankruptcy Court had determined were improperly diverted.  This action led K&B to file a motion seeking to withdraw to this Court in order to review the decision by the Bankruptcy Court under 28 U.S.C. 157(d).  K&B argues that the withdrawal is appropriate because K&B has been denied due process by the Bankruptcy Court by: 1) the entry of the Supplemental Sale Order by the Bankruptcy Court; 2) the Motion for Enforcement that K&B contends was improperly converted into an Adversary Proceeding; 3)

the Bankruptcy Court improperly granted a Money Judgment against K&B; 4) failure to permit K&B to respond to its attorneys' motion to withdraw; and 5) the refusal to establish an amount of offset until K&B paid the amount of the judgment. The issue before this Court is whether the Court should grant the permissive withdrawal to the Defendant in this matter under 28 U.S.C. 157(d).

## STANDARD

When a matter is referred to the bankruptcy court, "[t]he district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d). Permissive withdrawal under sentence one of Section 157(d), can only be granted "for cause shown." *Disbursing Agent of Murray F. Hardesty Estate* (*In re Hardesty*), 190 B.R. 653, 654 (D.Kan.1995). The movant bears the burden of demonstrating "cause." *NDEP Corp. v. Handl-It Inc.* (*In re NDEP Corp.*), 203 B.R. 905, 907 (D.Del.1996). "Although Section 157 does not define 'cause,' courts have developed several considerations for determining its contours. Among these considerations are (1) uniformity in bankruptcy administration; (2) guarding against forum shopping; (3) the economical use of parties' resources; (4) judicial economy and efficiency; (5) expediting the bankruptcy process; (6) a court's knowledge of the facts; (7) whether the claim is a core or non-core proceeding; (8) whether the claim is legal or equitable; and (9) whether the parties have requested a jury trial. *See In re NDEP Corp.* 203 B.R. at 907-08; *In re Seatrain Lines, Inc.*, 198 B.R. 45, 49 (S.D.N.Y.1996); *In re Hardesty*, 190 B.R. at 654; *In re Onyx Motor Car Corp.*, 116 B.R. 89, 91 (S.D.Ohio 1990). Some courts reason only 'truly exceptional and compelling circumstances' warrant a withdrawal of reference. *In re: Onyx Motor Car Corp.*, 116 B.R. at

91." *In re Wright*, 2005 WL 2245981, *1 (E.D. Tenn. 2005).

## DISCUSSION

In determining whether or not to grant K&B's motion to withdraw, the Court will address each grievance asserted by the Defendant under the applicable standard in deciding whether or not K&B has demonstrated cause for the Court to grant the motion to withdraw at this time.

### 1. The Entry of the Supplemental Sale Order by the Bankruptcy Court

On March 25, 2004, the Bankruptcy Court granted a Supplemental Sale Order, which held that the Chapter 5 claims were still retained by the Bankruptcy estate. K&B asserts that it was never given proper notice of the motion. However, the Committee contends that an attorney for K&B was present at the time, and that he did not object or appeal against the motion or the eventual decision by the Bankruptcy Court to grant it. The transcripts taken from the Court on March 23, 2004, and March 24, 2004, respectively, indicate that the Supplemental Sale Order was discussed by the Bankruptcy Court with all the parties, including counsel for the Defendant, and that the Bankruptcy Court properly put the Defendant on notice about the Court retaining the right under 11 U.S.C. §363(b) to modify the sale order. Upon reviewing the facts and evidence presented by the Committee, the Court stated in its March 25, 2004 order that "it was not the intention of the Court, the debtors or the Creditors' Committee to convey to the successful purchaser [K&B] of the debtors' Chapter 5 causes of actions, claims and rights which are legally rights remaining with the debtor."

The Bankruptcy Court was well within its right to issue such an order, and the court record indicates that K&B had sufficient opportunity and time to challenge that decision. Of the nine (9) possible causes for this Court to withdraw, the Court sees no reason as to why it should

on this particular issue.

### 2. The Motion for Enforcement/Adversary Proceeding

On June 16, 2004, the Creditors Committee filed a Motion for Enforcement with the Bankruptcy Court, challenging the transfer from the Debtors to K&B. Relief was sough pursuant to 11 U.S.C. §363(n) and §549(a). As such, the Bankruptcy Court determined that relief could be pursued through an adversary proceeding. The Defendant contends that the Committee never sought, nor did the Bankruptcy Court ever explicitly grant, the Committee the authority to pursue an Adversary Proceeding on behalf of the estate. K&B further contends that the Committee did not have standing to bring the motion in the first place arguing that the Bankruptcy Court never gave notice to the Defendant to object to the Committee bringing the enforcement motion on behalf of all the Debtors.

The Sixth Circuit Court of Appeals, in *Minger v. Green*, explained that Courts must look "beyond labels to the substance of the allegations." *Minger v. Green*, 239 F.3d 793, 799 (6th Cir. 2001). In *Minger*, the Court determined that even though the complaint labeled a claim for negligent performance, in actuality the complaint stated a claim for intentional misrepresentation. In the instant matter, the Bankruptcy Court looked beyond the Motion for Enforcement filed by the Committee and determined that through its motion the Committee sought an adversary proceeding to enforce the previous order by the Bankruptcy Court. Further, the Bankruptcy Court acted within its authority to enforce its Supplemental Sale Order, which prohibited the Defendant from receiving funds of Chapter 5 claims from the Debtors. *See Canadian Pacific Forest Products Limited v. J.D., Irving Limited*, 66 F.3d 1436, 1439-1432 (6th Cir. 1995) (holding: "[i]f the debtor-in-possession gives no reason for its inaction when a

demand is made, the bankruptcy court may presume that its inaction is an abuse of discretion ('unjustified') if the complaint alleges a colorable claim...[thus] if a creditor pleads facts to support the conclusion that it has a colorable claim to avoid a preferential or fraudulent transfer, and if the bankruptcy court finds that the claim will likely benefit the estate based on a cost-benefit analysis, then the creditor has raised a rebuttable presumption that the debtor-in-possession's failure to bring that claim is unjustified. The debtor-in-possession must then refute this presumption by giving a reason justifying its inaction."); *see also In re The V Companies*, 292 B.R. 290, 294 (6th Cir. BAP 2003).  Accordingly, the Bankruptcy Court had the authority to hold the adversary proceeding and grant standing to the Committee in order to prevent alleged fraudulent activities on behalf of the Defendant and Debtors.

**3. The Bankruptcy Court improperly granted a Money Judgment against K&B**

The Defendant argues that the claim filed by the Committee in the Adversary Proceeding should have been labeled for money damages under 11 U.S.C. §550 instead of §549, and that the February 10, 2005 opinion issued by the Bankruptcy Court also fails to afford relief under §550. As mentioned *supra*, the Sixth Circuit incorporates the holding of *Minger* when looking at labels asserted in a complaint, which encourages courts to "look beyond labels" in order to find the true meaning of the complaint. *Minger*, 239 F.3d at 799.  In its opening paragraph of its Memorandum Opinion, the Bankruptcy Court explicitly states that the Committee seeks "damages, costs, and expenses, and the return of certain funds to Debtor's estate."  The relevant parts of §550 read as follows:

> (a) Except as otherwise provided in this section, to the extent that a transfer is avoided under section 544, 545, 547, 548, 549, 553(b), or 724(a) of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from-(1) the initial transferee of such

> transfer or the entity for whose benefit such transfer was made; or (2) any immediate or mediate transferee of such initial transferee.
> (b) The trustee may not recover under section (a)(2) of this section from-(1) a transferee that takes for value, including satisfaction or securing of a present or antecedent debt, in good faith, and without knowledge of the voidability of the transfer avoided; or (2) any immediate or mediate good faith transferee of such transferee.
> (e)(1) A good faith transferee from whom the trustee may recover under subsection (a) of this section has a lien on the property recovered to secure the lesser of-(A) the cost, to such transferee, of any improvement made after the transfer, less the amount of any profit realized by or accruing to such transferee from such property; and (B) any increase in the value of such property as a result of such improvement, of the property transferred. (2) In this subsection, 'improvement' includes (D) payment of any debt secured by a lien on such property that is superior or equal to the rights of the trustee.

§549 avoids a transfer in bankruptcy, which is then recoverable through money damages under §550. Though the Bankruptcy Court may not have labeled §550 in its opinion, the intent and words of the opinion demonstrate the purposes of both §549 and §550

### 4. Failure to permit K&B to respond to its attorneys' Motion to Withdraw

The alleged failure by the Bankruptcy Court to permit K&B to respond to its attorneys' motion to withdraw is not related to the Motion for Contempt, as pointed out by the Defendant. Further, K&B has not shown cause as to why this Court should withdraw this reference, simply based on the fact that the Bankruptcy Court made an efficient and informed decision within six (6) days after a motion was filed.

### 5. Refusal to establish an amount of offset until K&B paid the amount of the Judgment

K&B has stated in its motion that the Bankruptcy Court has refused to establish an offset for claim until the Defendant pays the amount of the judgment ordered by the Bankruptcy Court. K&B has cited no authority or precedent that requires the Bankruptcy Court to consider an offset. Further, the offset does not fall under the nine (9) considerations to show cause for

withdrawal.  The Court finds that sufficient cause has not been shown to grant the motion to withdraw the reference.

## CONCLUSION

For the foregoing reasons, the Defendant's motions are **DENIED**.

An appropriate order shall issue.